NOT FOR PUBLICATION                                    (Docket Nos. 5, 7, 8, 9, 10)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                          :
MARYANN COTTRELL and                      :
RICHARD HOLLAND,                          :
                                          :
                    Plaintiffs,           :          Civil No. 08-1738 (RBK)
                                          :
          v.                              :          **OPINION**
                                          :
GOOD WHEELS, et al                        :
                                          :
                    Defendants.           :
_____:

**KUGLER**, United States District Judge:

     Presently before the Court is a motion by Defendants Good Wheels; Cucunato, Inc.;

Carmine Cucunato; Christine Cucunato; and Seth Fox (collectively "Defendants") to dismiss

Counts I, II, III, IV, and V of the Complaint of Plaintiffs Maryann Cottrell and Richard Holland

(collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state

a claim upon which relief can be granted.  Plaintiffs' Complaint brings claims pursuant to the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the New Jersey Law

Against Discrimination ("LAD"), N.J.S.A. 10:5-1 et seq., the New Jersey Civil Rights Act

N.J.S.A. 10:6-1 et seq., and New Jersey common law.  Defendant moves to dismiss all claims

except the common law claim of false imprisonment.  For the reasons discussed, Defendants'

motion will be denied without prejudice.

## I.  BACKGROUND

Plaintiffs' allegations arise from their interaction with Defendants at the Good Wheels car dealership.  Specifically, Plaintiffs assert that Defendants have a policy allowing non-disabled employees to park in the designated handicapped parking spaces at Good Wheels.

Plaintiffs aver that Plaintiff Cottrell has a disabled daughter and that Plaintiff Holland is "involved in caring for Ms. Cottrell's daughter" and resides with Plaintiff Cottrell.  Plaintiffs describe themselves as advocates for the disabled who receive media attention for their efforts to ensure disabled persons' access to public accommodations.  Specifically, those efforts include Plaintiff Cottrell contacting local authorities about businesses and other public places that do not provide the requisite access to disabled persons, either through a failure to maintain handicapped accessible parking or a failure to discourage the unauthorized use of handicapped parking spaces. Further, Plaintiffs allege that Plaintiff Cottrell has lodged citizen's complaints regarding violations of handicapped parking regulations.

Plaintiffs allege that on several visits to Good Wheels, they observed vehicles not tagged for handicapped parking, parked in handicapped parking spaces, access aisles, and/or passenger loading zones.  Plaintiffs allege that Plaintiff Cottrell photographed and made notes regarding said vehicles and reported the violators via citizen's complaints.  Further, Plaintiffs allege that on numerous occasions, the owner of the unlawfully parked car was a Good Wheels employee.

Plaintiffs also allege that on April 8, 2006, Plaintiff Holland visited Good Wheels "to meet a friend and look at a car."  Plaintiffs allege that Defendant Seth Fox, acting on behalf of Defendant Good Wheels, blocked Plaintiff Holland from exiting the Good Wheels premises and told Plaintiff Holland that he was not welcome at Good Wheels.

2

## II.    DISCUSSION

Defendants in part ground their motion to dismiss upon Plaintiffs' alleged lack of standing as to Counts I - IV.  Defendants additionally contend that Plaintiffs have failed to meet the requirements for a prima facie claim of discrimination under the ADA and the LAD and a prima facie claim of retaliation under the LAD.  Finally, Defendants argue that Plaintiffs New Jersey Civil Rights Act claim is based upon the other four counts, and should be dismissed upon the dismissal of Counts I - IV.  Although Defendants contend that Plaintiffs lack standing as to Counts I - IV, Defendants base their assertion on the fact that Plaintiffs are not Good Wheels employees and are not themselves disabled, neither of which Plaintiffs deny.  Defendants do not address the constitutional requirements for standing, but move to dismiss based on the prudential limitations on standing articulated by the ADA and LAD.

After Defendants filed the motion to dismiss, Plaintiffs filed opposition papers, and Defendants filed a reply thereto, the parties filed yet another round of papers to the Court on the motion, seemingly without regard to Local Rule 7.1(d)(6).  Rule 7.1(d)(6) requires permission of the Court to file sur-replies.  Pursuant to the Rule, and the parties having requested nor received permission from the Court, the final round of papers were not considered.

### A.    Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1

F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  "Factual

allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp.

v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

      B.        **Standing**

      Plaintiffs' failure to plead standing pursuant to the requirements of Article III of the

Constitution amounts to a failure to establish the justiciability of Plaintiffs' claims before the

Court.

      Standing "is a threshold jurisdictional requirement, derived from the 'case or

controversy' language of Article III of the Constitution."  Pub. Interest Research Group of

N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997); see Steel Co. v.

Citizens for Better Env't, 523 U.S. 83, 102 (1998).  The party invoking federal jurisdiction

bears the burden of establishing standing "in the same way as any other matter on which the

plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at

the successive stages of the litigation."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561

(1992); accord FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d

Cir. 1996).

      At the pleading stage, therefore, the plaintiff must allege facts sufficient to establish

his standing to invoke the court's jurisdiction.  See FW/PBS, Inc. v. City of Dallas, 493 U.S.

215, 231 (1990) ("[I]t is the burden of the party who seeks the exercise of jurisdiction in his

favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial

resolution of the dispute.  Thus, [plaintiffs] in this case must allege facts essential to show

jurisdiction.  If they fail to make the necessary allegations, they have no standing." (internal

alterations, omissions, quotation marks, and citations omitted)); Warth v. Seldin, 422 U.S.

490, 517-518 (1975) ("The rules of standing . . . are threshold determinants of the propriety

of judicial intervention.  It is the responsibility of the complainant clearly to allege facts

demonstrating that he is a proper party to invoke judicial resolution of the dispute and the

exercise of the court's remedial powers."); Anjelino v. N.Y. Times Co., 200 F.3d 73, 88 (3d

Cir. 2000) ("Standing is established at the pleading stage by setting forth specific facts

[satisfying the elements of standing].");

Although it is the duty of the plaintiff to "clearly and specifically set forth facts

sufficient to satisfy [the] standing requirements," the level of specificity necessary to avoid

dismissal for lack of standing should not be "exaggerated."  Hosp. Council of W. Pa. v. City

of Pittsburgh, 949 F.2d 83, 86–87, 88 (3d Cir. 1991).  At the pleading stage, the court may

"presume that the general allegations in the complaint [as to standing] encompass the specific

facts necessary to support those allegations."  Steel Co., 523 U.S. at 104.  Alternatively,

however, it is "proper," and "'within the trial court's power,'" even on a motion to dismiss,

"to require the [plaintiff] to go beyond . . . general allegations in the complaint and allege

particularized facts supportive of its standing."  Newark Branch NAACP v. Town of

Harrison, 907 F.2d 1408, 1415 & n.10 (3d Cir. 1990) (quoting Warth, 422 U.S. at 501–02).

When a challenge to standing is made on the basis of the pleadings, as here, the court must

"'accept as true all material allegations of the complaint, and . . . construe the complaint in

favor of the complaining party.'"  Pennell v. City of San Jose, 485 U.S. 1, 7 (1988) (quoting

5

<u>Warth</u>, 422 U.S. at 501); <u>accord</u> <u>Penn. Psych. Soc'y v. Green Spring Health Services, Inc.</u>, 280 F.3d 278, 286 (3d Cir. 2002), <u>cert. denied</u>, 123 S. Ct. 102 (2002).

The Third Circuit has articulated three requirements for Article III constitutional standing:

> (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

<u>Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.</u>, 140 F.3d 478, 484-85 (3d Cir. 1998) (citing <u>Defenders of Wildlife</u>, 504 U.S. at 560-61); <u>accord</u> <u>Soc'y Hill Towers Owners' Ass'n v. Rendell</u>, 210 F.3d 168, 175-76 (3d Cir. 2000).  These requirements have been described as "immutable," and as the "irreducible constitutional minimum" of standing under the "case or controversy" clause, <u>Fair Hous. Council v. Montgomery Newspapers</u>, 141 F.3d 71, 74 (3d Cir. 1998) (quoting <u>Bennett v. Spear</u>, 520 U.S. 154, 162 (1997), and <u>Defenders of Wildlife</u>, 504 U.S. at 560-61), language signifying not only that the plaintiff in every case must satisfy these "injury-in-fact," "causation" and "redressibility" elements, <u>id.</u>, but that they cannot be abrogated by legislative enactment, <u>see</u> <u>Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 487 n.24 (1982); <u>Montgomery</u>

Newspapers, 141 F.3d at 74 (quoting Bennett, 520 U.S. at 162).

In addition to the requirements of Article III standing is a second tier of prudential limitations that "deal with who is authorized to invoke the courts' decisional and remedial powers." Montgomery Newspapers, 141 F.3d at 74.  Among other prudential limitations on standing is that the "plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision . . . invoked in the suit."  Bennett, 520 U.S. at 162; accord Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc., 165 F.3d 221, 226 (3d Cir. 1998).

Although Defendants raise arguments concerning prudential standing issues with regard to Plaintiffs claims, Defendants do not address Plaintiffs' failure to satisfy the Article III pleading requirement with regard to standing.  The Complaint does not allege that Plaintiffs have suffered an injury in fact—an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical.  Further, Plaintiffs did not plead a causal connection between the injury and the conduct about which they complain.  Plaintiffs have so too failed to address whether the injury may be redressed by a favorable decision of the Court.  Having failed to address these issues in the Complaint, Plaintiffs have not properly pleaded their case such that it may be considered by this Court.

Plaintiffs did aver that Defendant Fox blocked Plaintiff Holland from leaving the Good Wheels premises on April 8, 2006 and told Plaintiff Holland that he was not welcome at Good Wheels, however such an averment falls short of an allegation of injury in fact.  To be sure, the Complaint lacks any allegation as to injury suffered by Plaintiff Cottrell.  For

these reasons, Defendants' motion to dismiss Counts I - IV of Plaintiffs' Complaint will be denied without prejudice, and Plaintiffs will have 30 days to file an Amended Complaint properly alleging standing, and thus the justiciability of their claims in this Court.

      **C.**    **New Jersey Civil Rights Act**

Because Defendants' argument for dismissal of Plaintiffs' Count V claim under the New Jersey Civil Rights Act is based upon the dismissal of Counts I - IV of the Complaint, it would be premature - given the Court's decision above - to assess Defendants' motion as to Count V at this time. As such, Defendants' motion to dismiss Count V will be denied without prejudice.

**III.**    **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is denied without prejudice, and Plaintiffs are ordered to file an Amended Complaint comporting with the requirements of Article III of the Constitution on or before **December 1, 2008**, under pain of this Court dismissing this case for lack of a justiciable claim.

Date:    10-31-08

                                        /s/ Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge