NOT FOR PUBLICATION (Doc. No. 39)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
MARYANN COTTRELL and RICHARD        :
HOLLAND,                            :
                                    :
              Plaintiffs,           :    Civil No. 08-1738 (RBK/KMW)
                                    :
         v.                         :    **OPINION**
                                    :
GOOD WHEELS, et al.,                :
                                    :
              Defendants.           :
_____ :

**KUGLER**, United States District Judge:

This matter is before the Court on the motion by Plaintiff Richard Holland for reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) of this Court's decision granting Defendants' motion for summary judgment. Because Plaintiff fails to show that the Court overlooked dispositive factual matters or controlling decisions of law in reaching its prior decision, Plaintiff's motion for reconsideration is **DENIED**.

**I.     BACKGROUND**

In April 2008, Plaintiff, a self-described advocate for the disabled, sued Good Wheels car dealership for violation of the Americans with Disabilities Act ("ADA"), New Jersey's Law Against Discrimination ("NJLAD"), and the New Jersey Civil Rights Act ("NJCRA"), as well as false imprisonment. Plaintiff alleges that Defendants banned him from entering Good Wheels because he engaged in protected activities by filing citizen complaints against Defendants for violations of handicapped parking regulations. Defendants claim that Plaintiff was banned from their premises because he was disrupting their customers.

In June 2010, Plaintiff moved for summary judgment on his ADA and NJLAD claims, and Defendants moved for summary judgment denying all of Plaintiff's claims. In July 2010, the parties submitted their briefs. Meanwhile, Plaintiff continued his handicap advocacy efforts. Between August and November 2010, while Defendants' motion was pending, Plaintiff filed citizen complaints against Good Wheels and documented more examples of Defendants' alleged handicapped parking violations, including a video recording of a verbal altercation between Plaintiff and Defendants. Plaintiff did not submit evidence of those alleged events to the Court before the Court decided the parties' pending summary judgment motions, nor did Plaintiff move to amend the Complaint to incorporate any new developments or assert any new claims.

In March 2011, the Court denied Plaintiff's motion, and granted summary judgment in favor of Defendants because Plaintiff failed to offer evidence that Defendants' reason for banning him was pretextual. Plaintiff now moves for reconsideration, arguing that: (1) the Court should consider Defendants' recent acts and statements as new evidence of pretext; (2) there was evidence in the record that the Court did not consider; (3) the Court improperly applied the standard for summary judgment and the <u>McDonnell Douglas</u> burden-shifting framework; and (4) the Court improperly applied the mixed-motive analysis to Plaintiff's claims. (Pl.'s Br. in Supp. of Recons. at 8-9). As part of Plaintiff's motion for reconsideration, he also seeks relief from summary judgment pursuant to Rule 60(b)(1) based on mistake and excusable neglect. (<u>Id.</u>).

II.     **LEGAL STANDARD**

   **A.  Rule 59(e)**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. <u>See</u> <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under

Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  See Byrne v. Calastro, No. 05-68, 2006 U.S. Dist. LEXIS 64054, at *7 (D.N.J. Aug. 28, 2006).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  See L. Civ. R. 7.1(i).  "The standard for [reconsideration] is high, and reconsideration is to be granted only sparingly."  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted); Compaction Sys. Corp., 88 F. Supp. 2d at 345.  The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(i).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law that the parties presented to, but were not considered by, the court in the course of making the decision at issue.  See Student Pub. Interest Grp. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  See Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3

3

(D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence that was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original decision.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *2 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments that the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

### B. Rule 60(b)

Rule 60(b) provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  "The

general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." <u>Boughner v. Sec'y of Health, Educ. & Welfare</u>, 572 F.2d 976, 977 (3d Cir. 1978). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." <u>FDIC v. Alker</u>, 234 F.2d 113, 116-17 (3d Cir. 1956).

A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." <u>Tischio</u>, 16 F. Supp. 2d at 533 (internal citations omitted). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" <u>Id.</u> Rather, relief under Rule 60(b) is available only when the "'overriding interest in the finality and repose of judgments may properly be overcome . . . .'" <u>Id.</u> Rule 60(b) relief is available only in cases evidencing extraordinary circumstances. <u>See</u> <u>Ackermann v. United States</u>, 340 U.S. 193 (1950); <u>Stradley v. Cortez</u>, 518 F.2d 488, 493 (3d Cir. 1975).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that [the Court should deny a motion] under Rule 60(b)[] if the aggrieved party could have reasonably sought the same relief by means of appeal." <u>Martinez-McBean v. Gov't of Virgin Islands</u>, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

### III.   DISCUSSION

Plaintiff's supporting memorandum argues that reconsideration should be granted because: (1) the Court should consider Defendants' recent acts and statements as new evidence of pretext; (2) there was evidence in the record that the Court did not consider; (3) the Court

5

improperly applied the standard for summary judgment and its associated burden-shifting framework; and (4) the Court improperly applied the mixed-motive analysis. (Pl.'s Br. in Supp. of Recons. at 8-9). Plaintiff also seeks relief from the judgment pursuant to Rule 60(b)(1) based on mistake and excusable neglect. (Id.).

**A. Rule 59(e)**

**1. Defendants' Recent Acts and Statements**

Plaintiff argues that the Court should consider new evidence in determining whether Defendants' reason for banning Plaintiff from their premises was pretextual. Specifically, Plaintiff argues that "material developments have taken place" since both parties' final submissions at the summary judgment stage. Plaintiff cites to the citizen complaints he filed against Defendants, his recent documentation of Defendants' alleged further violations, and the video recording of the verbal altercation between Plaintiff and Defendants as "new evidence" that Defendants' proffered reason for banning Plaintiff was pretextual.

Although the Court may exercise its discretion in considering new evidence on a motion for reconsideration, Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991), the Court should consider new evidence only if it existed at the time of the operative pleading, but was either not discoverable or unavailable during discovery. See Hudson's Bay Co. Fur Sales v. Am. Legend Coop., 651 F. Supp. 819, 846 (D.N.J. 1987); see also Levinson, 1989 U.S. Dist. LEXIS 18373, at *2. Here, Plaintiff acknowledges that all submissions pertaining to the summary judgment motion were filed in July 2010. (Pl.'s Br. in Supp. of Recons. at 7). Plaintiff argues that the Court should now consider an additional set of events that transpired between August and November of 2010. However, because these "material developments" did not exist at the

time of the motion for summary judgment, the Court will not consider them on a motion for reconsideration.[1]

## 2. Evidence Allegedly Not Considered By This Court

Plaintiff also cites testimony pertaining to his ADA, NJLAD, and false imprisonment claims that the Court allegedly failed to consider or overlooked.  Regarding Plaintiff's ADA and NJLAD claims, Plaintiff cites testimony of Good Wheels employees who admit that Plaintiff's conduct on the premises aggravated them.  (Pl.'s Br. in Supp. of Recons. at 3).  However, the Court specifically acknowledged that Good Wheels employees were aggravated by Plaintiff's disruptive behavior.  Cottrell v. Good Wheels, et al., No. 08-1738, 2011 U.S. Dist. LEXIS 26646, at *2-3 (D.N.J. Mar. 15, 2011).  The Court concluded that although the fact that Plaintiff's conduct aggravated Good Wheels employees was ". . . sufficient to establish a prima facie case of retaliation," Defendants' "nondiscriminatory reason for banning Plaintiff from Good Wheels . . . eastablish[es] a legitimate, nondiscriminatory reason for Defendants' actions." Id. at *9-11 (citations omitted).  Thus, Plaintiff's argument that the Court overlooked the fact that certain Good Wheels employees were aggravated by Plaintiff's conduct does not provide a basis for reconsideration.

With respect to Plaintiff's false imprisonment claim, Plaintiff merely disagrees with the Court's opinion.  Plaintiff states that the Court failed to consider Plaintiff's testimony that he was trapped.  However, both parties submitted testimony pertaining to the alleged false imprisonment, and the Court determined that Plaintiff could not satisfy the elements of false imprisonment.  Good Wheels, 2011 U.S. Dist. LEXIS 26646, at *23-24.  Plaintiff fails to provide the Court with any new evidence that alters that decision, and the Court will not entertain a

---

[1] If Plaintiff wishes to pursue litigation based on a second series of events, he will have to file a new complaint or seek leave to amend.  The Court expresses no opinion as to whether the "material developments" Plaintiff has described would support a new cause of action.

difference of opinion through a motion for reconsideration.  See Degnan, 748 F. Supp. at 275; see also Bowers, 130 F. Supp. 2d at 612.

### 3. Summary Judgment and Burden Shifting Standards

Plaintiff next argues that the Court improperly applied the summary judgment and burden-shifting standards.  In the underlying decision, the Court analyzed Plaintiff's ADA and NJLAD claims under the burden-shifting framework outlined by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Good Wheels, et al., 2011 U.S. Dist. LEXIS 26646, at *7-12.  The Court held that Plaintiff outlined a prima facie case for ADA and NJLAD retaliation.  Id. at *11.  Thus, under the McDonnell Douglas framework, the burden shifted to Defendants to provide a legitimate reason for the adverse action.  Id.

Because the Court was satisfied with Defendants' proffered reason for taking action against Plaintiff – that Plaintiff was disrupting customers – the burden shifted to Plaintiff to offer evidence that Defendants' explanation was pretextual.  Id. at *12.  However, the Court determined that Plaintiff failed to meet that burden.  Id. at *5.  The Court granted summary judgment in favor of Defendants.  Id. at *12.

Here, Plaintiff does not point to a "clear error of law" as required by Local Rule 7.1(i). Max's Seafood, 176 F.3d at 677.  Instead, Plaintiff suggests a different application of the facts under the McDonnell Douglas framework.  Plaintiff argues that the Court should view "the fact that Defendants' [sic] banned [Plaintiff] after he had issued them tickets for ADA and LAD violations . . . as establishing the prima facie case." (Pl.'s Br. in Supp. of Recons. at 12). Plaintiff  next states that "[e]ven if concern for customer distress is a legitimate non-discriminatory reason that forces Plaintiff to produce evidence of pretext, Defendants' admission that [Plaintiff]'s photography of handicapped parking spaces motivated their decision to ban him

8

is sufficient proof of pretext . . . ." (Id. at 12-13).  The Court implicitly rejected those arguments in its underlying opinion.[2]  Plaintiff does not allege that the Court was incorrect in its analysis, but argues that Plaintiff's characterization of the facts would be more favorable.  See L. Civ. R. 7.1(i) (prohibiting parties from restating arguments that the Court has already considered, and not allowing litigants to use a motion for reconsideration as a substitute for appeal); see also Degnan, 748 F. Supp. at 275; Tischio, 16 F. Supp. 2d at 533; Student Pub. Interest Grp., 727 F. Supp. at 878; Florham Park, 680 F. Supp. at 162; see also Chicosky, 979 F. Supp. at 318; NL Industries, 935 F. Supp. at 516.  Therefore, Plaintiff's argument pertaining to the Court's application of the summary judgment and burden shifting standards fails.

### 4. Mixed-Motive Analysis

Plaintiff also argues that the Court misapplied the mixed-motive analysis.  (Pl.'s Br. in Supp. of Recons. at 16).  The mixed-motive analysis applies where legitimate motives for a challenged action are entwined with discriminatory motives.  Gross v. FBL Fin. Servs., 129 S. Ct. 2343, 2348 (U.S. 2009); see Cottrell v. J&D Disc. Liquor Gallery, Inc., No. 08-5418, 2010 U.S. Dist. LEXIS 104310, at *21-22 (D.N.J. Sept. 30, 2010).  However, if a plaintiff can demonstrate that there is a link between the proffered legitimate motives and the discriminatory motives, it becomes the defendant's burden to show "it is more likely than not" that the proffered

---

[2] The Court found that:

> Plaintiff offers no evidence to prove that Defendants' proffered reason for banning Plaintiff was pretextual or that he was not disrupting customers.  Plaintiff does not, for example, submit any of his own testimony stating that he did not observe any disruption caused by his activities.  Nor does he submit any testimony from Defendants admitting that they banned Plaintiff, at least in part, because he sought to expose violations of the ADA and NJLAD . . . .  To survive summary judgment, Plaintiff must offer some evidence that Defendants' proffered reason for banning him was pretextual.  Because Plaintiff offers no such evidence, Defendants are entitled to summary judgment . . . .

Good Wheels, et al., 2011 U.S. Dist. LEXIS 26646, at *12.

9

legitimate reason is the primary reason for taking action.  Id.; see also Good Wheels, et al., 2011 U.S. Dist. LEXIS 26646, at *12-13 n.5.

Here, Plaintiff argues that Defendants are not entitled to summary judgment under the mixed-motive analysis because Defendants cannot prove that their proffered legitimate reason for banning Plaintiff from the premises was their primary motive.  (Pl.'s Br. in Supp. of Recons. at 16-19).  However, the Court previously rejected that argument.  The Court undertook a mixed-motive analysis sua sponte after a thorough review of both parties' briefs revealed that the mixed-motive analysis may be applicable.  The Court determined that if one party had put forth the analysis, the Court's decision would not have changed, because "[t]here is no evidence that Good Wheels banned Plaintiff solely because he was engaged in protected activity in a manner that was not disruptive to customers."  Good Wheels, et al., 2011 U.S. Dist. LEXIS 26646, at *12-13 n.5.

The Court is satisfied that Defendants would have taken the same action against Plaintiff notwithstanding discriminatory considerations.  See id.  Plaintiff has failed, both in his briefs at the summary judgment stage and in support of his Motion for reconsideration, to present sufficient evidence beyond "mere . . . denials" and "conclusory allegations" that Defendants acted primarily with discriminatory motives.  Id. at *5 (citations omitted).  Because "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through . . . .'" Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citation omitted), Plaintiff's dissatisfaction with the Court's analysis cannot be argued through reconsideration.  Florham Park, 680 F. Supp. at 162.

### B. Rule 60(b) Relief

Plaintiff requests relief from the summary judgment Order based on mistake and

excusable neglect. Plaintiff claims that counsel's "failure to highlight relevant portions of the record" resulted from Plaintiff's "counsel's reading or misreading of Defendants' briefing." (Pl.'s Br. in Supp. of Recons. at 19). Plaintiff argues that he interpreted Defendants' brief as "a reiteration of [Defendants'] motion to dismiss," and therefore failed to address portions of the record. (Pl.'s Br. in Supp. of Recons. at 6). Plaintiff's counsel's mistake is not a special circumstance that justifies the extraordinary relief afforded by Rule 60(b). Tischio, 16 F. Supp. 2d at 533-535 (denying a motion for reconsideration when plaintiff's counsel sought to submit additional affidavits that could have been submitted at the time of the original motion for summary judgment, holding that a party may not "dissect the decision and submit information which should have been presented earlier."). The errors alleged by Plaintiff do not rise to the level of excusable neglect such that he should be relieved from summary judgment. Accordingly, relief under Rule 60(b) will not be granted.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**. An appropriate order shall follow.


Dated:  8/3/11                                                                  /s/ Robert B. Kugler
                                                                                   ROBERT B. KUGLER
                                                                                   United States District Judge